Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
2800 Ponce De Leon Blvd, Suite 1480
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WEST, as Personal Representative of HERSCHEL WEST, <br><br> Plaintiff, <br><br> vs. <br><br> VIKING CRUISES USA LTD., a foreign corporation, VIKING OCEAN CRUISES II LTD., a foreign corporation, VIKING RIVER CRUISES, INC. d/b/a VIKING CRUISES, VIKAND CORP., INC., VIKAND HEALTHNET, INC., VIKAND MEDICAL SOLUTIONS, VIKAND SOLUTIONS, INC., VIKAND TECHNOLOGY SOLUTIONS LLC., DOCTOR NADINE T. PETERSON and DOCTOR JOHN DOE. <br><br> Defendants. | Case No.: <br><br> **PLAINTIFF'S COMPLAINT** <br><br> **AND DEMAND FOR JURY TRIAL** |

Plaintiff, KEVIN WEST, brings this action on behalf of HERSCHEL WEST. This action is brought against Defendant VIKING CRUISES USA, LTD., VIKING OCEAN CRUISES II, LTD., VIKING RIVER CRUISES, INC. d/b/a VIKING CRUISES, VIKAND CORP., INC., VIKAND HEALTHNET, INC., VIKAND

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

MEDICAL SOLUTIONS, VIKAND SOLUTIONS, INC., VIKAND TECHNOLOGY SOLUTIONS LLC, DR. NADINE T. PETERSON and DOCTOR JOHN DOE for personal injuries sustained by HERSCHEL WEST. Plaintiff seeks damages and demands a jury trial on all issues so triable against Defendants.

## JURISDICTION AND VENUE

1.    This action is an action under general maritime law and the laws of California, as applicable.

2.    This matter falls under the admiralty and maritime jurisdiction of this Court.

3.    This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because the there is a forum selection clause in the cruise tickets issued to passengers whose cruises begin, end, or include a stop at a port in the United States which requires such passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4.    Defendants, at all times material hereto, personally or through an agent:

   a.    Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b.    Were engaged in substantial activity and not isolated activities in California. Such activities and contacts, assessed over a period of time and considered collectively, establish jurisdiction under CCP § 410.10;

   c.    Operated vessels in the waters of this state;

   d.    Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

   e.    The acts of the Defendants set out in this Complaint occurred in whole or in part in this state and/or county;

   f.    Defendants agreed to submit to jurisdiction in this Court;

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

g.    The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendants in this action.

5.    Defendants are subject to the jurisdiction of the Courts of this State.

## THE PARTIES

6.    Personal Representative KEVIN WEST was and is a resident of Washington State.

7.    Plaintiff HERSCHEL WEST was and is a resident of Washington State.

8.    Defendant VIKING OCEAN CRUISES II, LTD., is a foreign corporation and is identified in the passenger ticket contract as the "carrier" of the *Viking Sea.*

9.    Defendant VIKING CRUISES USA, LTD., is a foreign corporation and is identified on Defendant's website as the "carrier" of the *Viking Sea*.

10.    Defendants VIKING CRUISES USA, LTD., and VIKING OCEAN CRUISES II, LTD., are collectively referred to as "VIKING."

11.    At all times material, VIKING RIVER CRUISES, INC d/b/a VIKING CRUISES (hereinafter "VRC"), was and is a for profit California Corporation (entity number: C2221662), with its principle place of business and headquarters in Los Angeles, California.

12.    Defendant VIKAND CORP. INC., is a Florida corporation specializing in health care solutions for commercial shipping, including the cruise industry.

13.    Defendant VIKAND HEALTHNET, INC., is a Florida corporation specializing in health care solutions for commercial shipping, including the cruise industry.

14.    Defendant VIKAND MEDICAL SOLUTIONS, is a Florida corporation specializing in health care solutions for commercial shipping, including the cruise industry.

15.    Defendant VIKAND SOLUTIONS, INC., is a Florida corporation specializing in health care solutions for commercial shipping, including the cruise industry.

Complaint and Demand for Jury Trial

16. Defendant VIKAND TECHNOLOGY SOLUTIONS LLC, is a Florida corporation specializing in health care solutions for commercial shipping, including the cruise industry.

17. Defendants VIKAND CORP., INC., VIKAND HEALTHNET, INC., VIKAND MEDICAL SOLUTIONS, VIKAND SOLUTIONS, INC., VIKAND TECHNOLOGY SOLUTIONS LLC are share the same principle place of business and are collectively referred to as "VIKAND."

18. Defendant NADINE T. PETERSON was one of the ship's doctors aboard the *Viking Sea* who saw, examined, treated, consulted and/or oversaw the medical care and condition of Plaintiff while aboard the *Viking Sea*. Upon information and belief, DR. PETERSON is a citizen of South Africa.

19. Defendant DOCTOR JOHN DOE was one of the ship's doctors aboard the *Viking Sea* who saw, examined, treated, consulted and/or oversaw the medical care and condition of Plaintiff while aboard the *Viking Sea*. Upon information and belief, DR. DOE is a foreign citizen.

20. Defendant Doctors PETERSON and DOE are collectively referred to as the "Medical Defendants"

21. At all times material, VIKING was and is a common carrier engaged in the business of marketing, selling, operating, and managing cruise ships, including the *Viking Sea*, out of various ports throughout the world, including cruises which begin, end or include a port in the United States, and specifically in San Juan, Puerto Rico.

22. At all times material, VIKING derived substantial revenue from cruises originating and terminating in various ports throughout the world including cruises which begin, end or include a port in the United States, and including San Juan, Puerto Rico.

23. At all times material, VIKING operated, managed, maintained, supervised,

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

chartered, and/or controlled a large commercial vessel named *Viking Sea*.

24.    At all times material, VRC provides sales and marketing services for VIKING. Said services include but not limited to making representations and advising passengers and prospective passengers as to amenities, services and/or activities which are included as part of the overall cruise experience, including but not limited to the availability quality of medical care aboard VIKING ships.

25.    At all times material, VIKING and VIKAND entered into a contractual agreement for the provision of medical consulting and management services aboard VIKING's vessels.    Medical consulting and management services included but were not limited to medical emergencies, shoreside referrals, medical conditions, evaluating appropriateness of care, advice, assistance and coordination in the event of an accident  or injury, and the development and compliance with policies and procedures with any applicable laws, guidelines and regulations.

26.    At all times material, the Medical Defendants agreed to insure an entity located in California (VIKING) for foreseeable risks.  Upon information and belief, the Medical Defendants entered into agreements with VIKING to indemnify and insure it. As such, because they contractually agreed to indemnify VIKING for any harm resulting from their services (including medical malpractice), Medical Defendants agreed to insure a person and/or risk in California under California law.

27.    At all times materials,  the Medical Defendants appointed VIKING as their exclusive agent in California, giving VIKING absolute and complete control of all claims brought against the Medical Defendants in California.    In consideration of working as ship's doctors for VIKING, signed indemnity agreements with VIKING.    In each indemnity agreement, each appointed VIKING as their exclusive agent, giving VIKING absolute and complete

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305) 373-3016 FAX: (305) 373-6204

control of the defenses of all proceedings against the Medical Defendants.  By virtue of such appointments and giving VIKING *quasi*-power of attorney, the Medical Defendants purposefully directed their activities to this forum.  In this case, under the aforementioned agreement, VIKING controls and pays an attorney(s) in California for the Medical Defendants.   Accordingly, each appointed an agent in California (other than their attorneys) to assume compete control of their defenses in this case.

28.   At all times material, the Medical Defendants worked as ship's doctors aboard VIKING ships while the vessels were in California ports. During each of these times, while the vessels were in California ports or California territorial waters, the Medical Defendants were expected to and/or did, provide medical care to passengers and crewmembers in California.  As such, harm resulting from their services performed in California was a foreseeable risk in California, for which the Medical Defendants insured VIKING in California.

29.   At all times material, the Defendants VIKING employed and/or contracted with the vessel's doctors and nurses ("Medical Staff") to work as the ship's doctors and nurses aboard the *Viking Sea*.

## FACTS COMMON TO ALL COUNTS

30.   At all times material, VIKING operated, managed, maintained, supervised, chartered, and/or controlled the large commercial vessel *Viking Sea.*

31.   At all times material, VIKING transported fare-paying passengers on cruises aboard its vessel *Viking Sea.*

32.   At all times material, VIKING were and are engaged in providing cruise vacation experiences to the public.

33.   At all times material, VIKING and/or VRC organize, promote, advertise, market, vouch for, and/or directly sell the cruises and their amenities and services provided by employees, agents, servants, representatives, partners

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

and/or joint venturers.

34.    VIKING, as a common carrier, was engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Viking Seas* (hereinafter "the vessel" or "*Viking Seas"*).

35.    At all times material, VIKING contracted with VIKAND for the provision of medical consulting and management services aboard VIKING's vessels. Medical consulting and management services included but were not limited to medical emergencies, shoreside referrals, medical conditions, evaluating appropriateness of care, advice, assistance and coordination in the event of an accident  or injury, and the development and compliance with policies and procedures with any applicable laws, guidelines and regulations.

36.    VIKING employed and/or contracted with and/or provided the Medical Staff, including specifically the Medical Defendants, on board the vessel in connection with its operation of the vessel as part of VIKING's business of operating cruise ships and not solely for the convenience of passengers.

37.    At all times material, VIKING charged money to passengers for the medical services it provided.  Thus, VIKING is in the business of providing medical services to passengers for profit, and/or VIKING is in the business of operating a floating a floating hospital for its own profit. *See, Franza v. Royal Caribbean Cruises, Ltd*., 772 F.3d 1225, 1244 n. 14 (11th Cir. 2014)

38.    All in all, VIKING is in the business of providing medical care. Like other amenities offered aboard its vessels, VIKING also offers access to medical facilities aboard its vessels for profit.

39.    At all times material, VIKING and/or VIKAND owned, operated, managed, maintained and/or controlled the medical facility, equipment, and formularies, and supplies in the ship's medical center aboard the vessel *Viking Seas.*

40.    At all times material, the Medical Staff, including specifically the Medical

Complaint and Demand for Jury Trial

Defendants, were in the regular, full-time employment of the ship, as salaried members of the crew, subject to the ship's discipline and the Master's orders, and also under the control of VIKING.

41. At all times material, VIKING and/or VIKAND had the ability to monitor and control each and every step taken by any crewmember (including the Medical Staff, and specifically the Medical Defendants) working in the medical department via telephone, videoconference or otherwise. This technology is generally referred to as "Face to Face Telemedicine." Such modern means of communication make the location of the vessel effectively irrelevant and allows VIKING to directly control the medical care on the ship.

42. At all times material, VIKING and/or VIKAND had control and/or the right to control any and all crewmembers working in the Medical Center, including the Medical Staff, and specifically the Medical Defendants in the exercise of their job duties, including the treatment of patients. VIKING and/or VIKAND exercised such control and/or right of control in many ways, including, but not limited to the following:

a. Setting the standards, criteria, and procedures for selecting and hiring said personnel;

b. Credentialing, evaluating, training, and coaching shipboard medical personnel;

c. Acting as a resource to the shipboard medical personnel, and providing guidance and instruction in the event of a medical emergency;

d. Establishing, adopting, and enforcing rules, regulations and protocols for the treatment of patients at its medical center;

e. Maintaining and/or exercising the right to both hire and fire said personnel;

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

f.  Establishing the amount, method, and manner of payment for said personnel;

g.  Paying a salary, bonus and benefits to said personnel;

h.  Establishing and enforcing the terms of employment for such personnel, including their hours, job duties and the details of their work;

i.  Setting the standards and criteria to determine which patients were to be treated by said personnel;

j.  Determining and setting the specific charges for treatment for its passengers and requiring that all such charges be paid directly to Defendant on the passenger's shipboard charge card;

k.  Supplying the tools, workplace and equipment for said personnel to perform their job duties;

l.  Determining and selecting the medications, drugs, and supplies to be used in the ship's medical center; purchasing said medications, drugs and supplies to stock the medical center; setting the prices for the use and or sale of such medications, drugs and supplies to passengers and requiring the passengers to pay it directly for such medical, drugs and supplies on their shipboard charge cards;

m.  Advertising the existence of the medical center as part of its marketing campaigns in order to attract passengers;

n.  Treating said personnel as members of its crew, subject to the vessel's rules and regulations and the authority of its officers and requiring them to carry out crew functions and wear crew uniforms;

o.  Requiring said personnel to take specific courses and training, including those offered by the Defendant;

p.  Agreeing to staff, equip and operate the medical facilities and the provision of medical services therein under the industry Guidelines

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Complaint and Demand for Jury Trial

issued by the American College of Emergency Physicians and requiring its medical personnel to practice medicine and treat patients in accordance with the requirements of said Guidelines;

q. Through the use of its shoreside medical department, which is staffed with various doctors and other medical personnel that can communicate with its ships literally anywhere in the world electronically;

r. By entering into contracts with various land-based hospitals, to provide medical expertise and requiring their shipboard medical personnel to utilize such services in the treatment of passengers and crew in specified situations; and/or

s. Through the use of electronic technology, including video-conferencing and tele-medicine with their shoreside medical department and hospital contract providers to control the treatment provided.

43. At all times material, VIKING and/or VIKAND was responsible for, and liable for, the actions of the Medical Staff, including specifically the Medical Defendants, with respect to treatment, or lack of treatment, of the Plaintiff based on a theory of *respondeat superior* and/or under the principle of actual and/or apparent agency.

44. At all times material, the Medical Staff, including specifically the Medical Defendants, were direct employees and/or actual agents and/or apparent agents of VIKING and/or VIKAND, and at all times acted within the course and scope of their employment and/or agency agreement and/or relationship.

45. At all times material, the Medical Staff, including specifically the Medical Defendants, were represented to the Plaintiff and the ship's passengers as employees of VIKING in that:

a. They worked in the ship's medical center aboard the vessel, which was owned and/or operated by VIKING and/or VIKAND;

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

b.    They wore a ship's uniform;

c.    They represented themselves as the "ship's medical crew" to the Plaintiff;

d.    The ship's doctors were called ship's officer(s) by Defendants, the ship's officers and the crew;

e.    They ate with the ship's crew;

f.    They were under the commands of the ship's officers and followed all of the master's rules and regulations;

g.    Their charges for medical treatment and medicine were charged directly to passenger's onboard credit program (or the equivalent shipboard credit card) linked to VIKING;

h.    They communicated directly with VIKING and/or VIKAND while providing treatment to the Plaintiff;

i.    The literature provided by VIKING and its representatives showed the doctor(s) and nurse(s) as crewmembers and employees of VIKING;

j.    There were VIKING insignias in various places inside the ship's medical center where the Medical Staff, including specifically the Medical Defendants worked;

k.    They were employed full-time by VIKING;

l.    They were paid a salary by VIKING; and/or

m.    They spoke to the Plaintiff as though they had authority to do so by VIKING.

46.    At no time did VIKING and/or VIKAND represent to the Plaintiff in particular, or the ship's passengers in general, in any meaningful way, that the Medical Staff, including specifically the Medical Defendants, were not agents or employees of VIKING and/or VIKAND.

47.    The Plaintiff reasonably relied on the representation of VIKING that the Medical

Complaint and Demand for Jury Trial

Staff were employed by VIKING and that the vessel had a state of the art medical center staffed to provide passengers. This reliance was detrimental because it resulted in the Plaintiff deciding to book and participate in the cruise, presenting to the infirmary and receiving improper and/or substandard medical treatment. Had the Plaintiff not detrimentally relied on the representations of VIKING and the negligent medical treatment given by the Medical Staff, including specifically the Medical Defendants, Plaintiff would not have been injured.

48.    At all times material, VIKING and/or VIKAND knew of the agency representations by the Medical Staff, including specifically the Medical Defendants, and allowed them to represent themselves as such.

**Promotional Materials & Statements**
**Concerning Medical Care**

49.    Defendants VIKING and/or Defendant VRC advertise, market, promote and represent that Viking's "ocean and expedition vessels…have state-of-the-art Medical Centers."

50.    Defendants VIKING and/or Defendant VRC further advertise, market, promote and represent:

> VIKING HEALTH & SAFETY PROGRAM
>
> Your health and wellbeing are always our top priority. As the world's leading exploration company, Viking takes you closer to the heart of the places you want to visit. For more than 25 years, we have always had the highest standards for health and cleanliness.
>
> . . . .

**The Subject Incident**

51.    At all times material, the Plaintiff reviewed and relied on the representations and information provided by VIKING and VRC in selecting, purchasing and

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

participating in her cruise aboard the *Viking Sea*, including the representations regarding the quality of medical care aboard the vessel.

52.   At all times material, the Plaintiff was a fare paying passenger of the *Viking Sea* for a transatlantic cruise beginning in Barcelona, Spain and ending in San Juan, Puerto Rico.

53.   At all times material the vessel was in navigable waters.

54.   On or about October 21, 2024, the *Viking Sea* encountered rough seas causing Plaintiff to fall, head first into the metal stateroom door, severely injuring his neck and head.

55.   Without properly stabilizing his neck, the Medical Staff transported Plaintiff to the vessel's medical center.

56.   In the medical center the Plaintiff came under the care of the Medical Defendants who merely performed a cursory evaluation and diagnosed the Plaintiff with cervicalgia and an abrasion to part of his head.  Plaintiff was provided with a soft neck collar (which did not properly stabilize his neck) and a topical gel. No x-rays were taken and no arrangements were made for a shoreside consultation and/or medical disembarkation when the vessel would be in port the next day, October 22, 2024.

57.   Plaintiff's condition continued to deteriorate with excruciating pain in his neck, inability to hold head without it flopping, diminished mobility, loss of appetite and the development of problems when swallowing.

58.   Plaintiff's family returned to the Medical Center and advised Medical Defendants of Plaintiff's deteriorating condition and status.  Despite these clear indicators of a traumatic neck injury, the Medical Defendants made no effort to provide Plaintiff with any additional medical care.  Instead, the Medical Defendants were rude and dismissive of the concerns raised by the Plaintiff's family.  Plaintiff's family were told there is nothing the Medical Defendants

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

could do and that the vessel did not even have x-ray capabilities, a statement that was patently false.

59. Plaintiff relied on the representations of the Medical Defendants and remained on the vessel until the end of the cruise, approximately nine days later. Throughout the remainder of the cruise, Plaintiff had to be assisted by his family in holding his head up, walking, sitting, and standing.

60. Upon his return home, Plaintiff was seen at the emergency room where he was properly diagnosed with multiple cervical fractures and admitted to the hospital. The shoreside physician expressed shock that Plaintiff's neck was not properly immobilized/stabilized by the ship's doctor.

61. Since that time, Plaintiff has alternated between hospitals and skilled nursing facilities, where he currently remains.

62. The treatment the Plaintiff received aboard the *Viking Seas* fell below the standard of care, was mismanaged and/or inadequate leading to permanent significant life altering physical injuries.

## DUTY

63. At all times material, it was the duty of the Defendants to provide the Plaintiff with reasonable care under the circumstances.

64. Alternatively, at all material times, Defendants, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

## COUNT I - VICARIOUS LIABILITY AGAINST VIKING FOR MEDICAL NEGLIGENCE BASED *RESPONDEAT SUPERIOR*

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 64 as though alleged originally herein.

65. At all times material, VIKING owned, operated, controlled, and/or maintained the medical center aboard the *Viking Seas*, and was responsible for

Complaint and Demand for Jury Trial

overseeing the operations of the shipboard medical center including the selecting, purchasing, and maintaining of the medical equipment and medications contained therein; recruitment, credentialing and staffing of shipboard medical centers with physicians and nurses; evaluations, training and coaching of shipboard physicians; and acting as a resource to the shipboard medical personnel and providing guidance and instruction in the event of a medical emergency in said medical center.

66.    At all times material, the Medical Staff, and specifically the Medical Defendants, were employees of VIKING which is vicariously liable for the negligent treatment of Plaintiff under the legal principles of *respondeat superior* and the principles set forth in *Franza v. Royal Caribbean Cruise Ltd.*, 772 F.3d 1225 (11th Cir. 2014).

67.     At all times material, the Medical Staff, and specifically the Medical Defendants, were in the regular, full-time employment of the ship, as a salaried members of the crew, were identified as officers of the vessel, subject to the ship's discipline and the Master's orders, and also under the control of VIKING.

68.    At all times material, VIKING acknowledged that the Medical Staff, and specifically the Medical Defendants, would act on VIKING's behalf.  The Medical Staff, and specifically the Medical Defendants,  accepted the undertaking.

69.    At all times material, the Medical Staff, and specifically the Medical Defendants, were acting within the scope of their employment and/or agency with VIKING.

70.    VIKING is vicariously liable under the principles of *respondeat superior,* for the acts and omissions of its employees, servants, actual agents, ostensible agents, and/or representatives, including but not limited to the Medical Staff, and specifically the Medical Defendants, who breached its duty to exercise reasonable care under the circumstances owed to the Plaintiff as follows:

a.  Failure to properly conduct a comprehensive work-up;

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

b.  Failure to perform x-rays;

c.  Failure to properly immobilize/stabilize Plaintiff's neck;

d.  Failure to follow proper protocols for a cervical spine injury;

e.  Failure to provide follow-up care in light of Plaintiff's deteriorating condition;

f.  Failure to properly take into account the Plaintiff's multiple comorbidities when evaluating and treating Plaintiff;

g.  Failure to consider and explore other potential diagnoses given Plaintiff's symptoms and comorbidities;

h.  Failure to establish a differential diagnosis(es) given the Plaintiff's multiple comorbidities, symptoms and conditions;

i.  Negligently misdiagnosing Plaintiff's medical condition;

j.  Failure to recognize and appreciate the seriousness and gravity of the Plaintiff's condition and symptoms;

k.  Failure to timely medically evacuate;

l.  Failure to timely obtain shoreside consultation with the appropriate medical expert(s);

m. Failure to provide competent medical staff capable of providing "state-of-the-art medical care" as advertised/marketed on VIKING's website;

n.  Failure to promptly provide Plaintiff with timely, proper and/or adequate medical care and attention;

o.  Failure to timely and/or properly assess and diagnosis Plaintiff and identify emergent, urgent condition of the Plaintiff in a timely manner, in order to facilitate optimum levels of health care;

p.  Failure to understand and react effectively to Plaintiff's medical needs given his symptoms and comorbidities and to perform accurate and ongoing assessments of Plaintiff's condition;

Complaint and Demand for Jury Trial

q. Failure to practice medicine according to generally accepted standards of care;

r. Failure to adhere to industry standards including but not limited to the American College of Emergency Physicians Cruise Ship Guidelines; and/or

s. A breach of the prevailing professional standard of care for said health care providers, to wit: that level of care, skill and treatment which, in light of all relevant surrounding circumstances, as recognized as acceptable and appropriate by a reasonably prudent similar health care provider.

71.    As a direct and proximate result of the negligence of the Medical Staff, and specifically the Medical Defendants, for which VIKING is vicariously liable, the Plaintiff was unable to obtain the prompt, timely, proper and adequate medical care he required resulting in devastating and life altering injuries. Had the Plaintiff received the appropriate care and treatment from the Medical Staff, and specifically the Medical Defendants, it is more likely than not he would not have suffered significant permanent physical injuries.

72.    As a direct and proximate result of the negligence of the Medical Staff, and specifically the Medical Defendants, as described above, for which VIKING is vicariously liable, the Plaintiff was injured in and about his body and extremities, including severe physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, disability, impairment, loss of past earnings and impairment of his future working ability and earning capacity, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the past and will continue to incur such expenses in the future. All of these damages are permanent and continuing in nature.  Plaintiff also lost the money paid for the cruise, incurred extra expenses such as transportation and had the enjoyment of the cruise ruined or damaged.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against VIKING for compensatory damages, interest, court costs, and all other relief recoverable under general maritime law or as this Court deems just and proper.

## COUNT II - VICARIOUS LIABILITY AGAINST VIKING FOR MEDICAL NEGLIGENCE BASED ON ACTUAL AGENCY

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 64 as though alleged originally herein.

73.    At all times material, VIKING owned, operated, controlled, and/or maintained the medical center aboard the *Viking Seas*, and was responsible for overseeing the operations of the shipboard medical center including the selecting, purchasing, and maintaining of the medical equipment and medications contained therein; recruitment, credentialing and staffing of shipboard medical centers with physicians and nurses; evaluations, training and coaching of shipboard physicians; and acting as a resource to the shipboard medical personnel and providing guidance and instruction in the event of a medical emergency in said medical center.

74.    At all times material, the Medical Staff, and specifically the Medical Defendants, were aboard the vessel and were acting within the scope of their employment.

75.    At all times material, VIKING acknowledged that the Medical Staff, and specifically the Medical Defendants, would act on VIKING's behalf and the Medical Staff, and specifically the Medical Defendants, accepted the undertaking.

76.    At all times material, the Medical Staff, and specifically the Medical Defendants, were the actual agents, servants, and/or employees of VIKING which was therefore vicariously liable for the negligent treatment of Plaintiff under *respondeat superior* and the principles set forth in *Franza v. Royal Caribbean Cruise Ltd.*, 772 F.3d 1225 (11th Cir. 2014).

77.    At all times material, the Medical Staff, and specifically the Medical

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Defendants, owed Plaintiff a duty of reasonably care under the circumstances.

78.    VIKING, is vicariously liable under the principles of agency for the acts and omissions of its employees, servants, actual agents, ostensible agents, and/or representatives, including but not limited to the Medical Staff, and specifically the Medical Defendants, and breached its duty to exercise reasonable care under the circumstances owed to the Plaintiff as follows:

a.    Failure to properly conduct a comprehensive work-up;

b.    Failure to perform x-rays;

c.    Failure to properly immobilize/stabilize Plaintiff's neck;

d.    Failure to follow proper protocols for a cervical spine injury;

e.    Failure to provide follow-up care in light of Plaintiff's deteriorating condition;

f.    Failure to properly take into account the Plaintiff's multiple comorbidities when evaluating and treating Plaintiff;

g.    Failure to consider and explore other potential diagnoses given Plaintiff's symptoms and comorbidities;

h.    Failure to establish a differential diagnosis(es) given the Plaintiff's multiple comorbidities, symptoms and conditions;

i.    Negligently misdiagnosing Plaintiff's medical condition;

j.    Failure to recognize and appreciate the seriousness and gravity of the Plaintiff's condition and symptoms;

k.    Failure to timely medically evacuate;

l.    Failure to timely obtain shoreside consultation with the appropriate medical expert(s);

m.    Failure to provide competent medical staff capable of providing "state-of-the-art medical care" as advertised/marketed on VIKING's website;

n.    Failure to promptly provide Plaintiff with timely, proper and/or adequate

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Complaint and Demand for Jury Trial

medical care and attention;

o.  Failure to timely and/or properly assess and diagnosis Plaintiff and identify emergent, urgent condition of the Plaintiff in a timely manner, in order to facilitate optimum levels of health care;

p.  Failure to understand and react effectively to Plaintiff's medical needs given his symptoms and comorbidities and to perform accurate and ongoing assessments of Plaintiff's condition;

q.  Failure to practice medicine according to generally accepted standards of care;

r.  Failure to adhere to industry standards including but not limited to the American College of Emergency Physicians Cruise Ship Guidelines; and/or

s.  A breach of the prevailing professional standard of care for said health care providers, to wit: that level of care, skill and treatment which, in light of all relevant surrounding circumstances, as recognized as acceptable and appropriate by a reasonably prudent similar health care provider.

79.  As a direct and proximate result of the negligence of the Medical Staff, and specifically the Medical Defendants, as described above, for which VIKING is vicariously liable, the Plaintiff was unable to obtain the prompt, timely, proper and adequate medical care he required resulting in devastating and life altering injuries. Had the Plaintiff received the appropriate care and treatment from the Medical Staff, and specifically the Medical Defendants, it is more likely than not he would not have suffered significant permanent physical injuries.

80.  As a direct and proximate result of the negligence of the Medical Staff, and specifically the Medical Defendants, as described above, for which VIKING is vicariously liable, the Plaintiff was injured in and about his body and extremities,

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

including severe physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, disability, impairment, loss of past earnings and impairment of his future working ability and earning capacity, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the past and will continue to incur such expenses in the future. All of these damages are permanent and continuing in nature.  Plaintiff also lost the money paid for the cruise, incurred extra expenses such as transportation and had the enjoyment of the cruise ruined or damaged.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against the VIKING, for compensatory damages, interest, court costs, and all other relief recoverable under general maritime law or as this Court deems just and proper.

## COUNT III - VICARIOUS LIABILITY AGAINST VIKING FOR MEDICAL NEGLIGENCE BASED ON APPARENT AGENCY

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 64 as though alleged originally herein.

81.    At all times material, VIKING held out its Medical Staff, and specifically the Medical Defendants as being its employees who work in the Defendant's "medical centers" on the vessel.  VIKING promotes its Medical Staff, including the Medical Defendants, and represents them as being its employees through brochures, internet advertising, and on the vessel. VIKING held out its Medical Staff, including the Medical Defendants, as being direct employees or its actual agents.

82.    VIKING promotes the idea that the Medical Staff, including the Medical Defendants, who work in its "medical centers" are employed by VIKING as part of a marketing tool to induce passengers, such as the Plaintiff, to buy cruises on its ships, particularly because the cruise line goes to various foreign ports that may not have adequate medical care.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

83.    VIKING manifested to the Plaintiff in this case that its Medical Staff, and specifically the Medical Defendants, were acting as its employees and/or actual agents in various ways, including but not limited to the following:

a.  The doctors and nurses worked at what VIKING describes in its advertising as its "medical centers;"

b.  The "medical centers" are owned and operated by VIKING which pays to stock the "medical centers" with all supplies, various medicines and equipment;

c.  The passenger is billed directly by VIKING through the passengers' Sail Card, whereas the "medical staff," including the doctor and nurse, are paid salaries and commission by to work in the "medical centers;"

d.  Medical records and forms, including patient registration which are given to guests in the medical center, used VIKING's letterhead and logo;

e.  That the Medical Staff were given uniforms to wear that include name tags, and which have VIKING name and logo and were required by VIKING to be worn by the Medical Staff;

f.  That the Medical Defendants are considered to be Officers on board the vessel and members of the crew, and were introduced to the passengers as Ship's Officers and members of the crew;

g.  That VIKING put the ship's physician and nurse under the command of the ship's superior officers, including the Master of the ship;

h.  That VIKING requires the Medical Staff to provide services in the ship's "medical center," which is identified as VIKING's facility, and when Plaintiff went to the ship's medical center to be seen for his condition, he detrimentally relied upon the representations that it was owned and operated by VIKING and staffed with doctors and nurses, who had been selected and vetted by VIKING.  Plaintiff would not have authorized the Medical Staff to treat him

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

22

if they had known that the Medical Staff were not employees of VIKING;

    i. There were VIKING insignias and logos in various locations throughout the medical center; and/or

    j. The Medical Staff, and specifically the Medical Defendants, spoke to the Plaintiff as though they had the authority to do so on behalf of VIKING.

84. At no time did VIKING represent to the Plaintiff in particular, or the ship's passengers in general, in any meaningful way that the Medical Staff, and specifically the Medical Defendants, were not agents or employees of VIKING.

85. VIKING is estopped to deny that the Medical Staff, and specifically the Medical Defendants, were its apparent agent and/or apparent employees and/or apparent servants.

86. At all times material, Plaintiff detrimentally relied upon the above described representations of VIKING by purchasing and participating in the subject cruise and by seeking and following the medical advice and accepting the treatment provided by Medical Staff, and specifically the Medical Defendants, reasonably believing that because it was owned and operated by VIKING, the Medical Staff, and specifically the Medical Defendants, were its employees and had been properly vetted, selected and trained and were well-qualified doctors and nurses.

87. At all times material, the Plaintiff relied upon the above described representations of VIKING, which gave rise to his reasonable belief that the Medical Staff, and specifically the Medical Defendants, in the medical center were its agents and/or employees, which induced their reliance upon such appearance of agency and accordingly, VIKING is vicariously liable for the negligence of its apparent agents in treating Plaintiff and set forth above incorporated herein by reference under the principles of apparent agency set forth in *Franza v. Royal Caribbean Cruise Ltd.*, 772 F.3d 1225 (11th Cir. 2014).

88. VIKING, is vicariously liable under the principles of agency for the acts

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

and omissions of its employees, servants, actual agents, ostensible agents, and/or representatives, including but not limited to the Medical Staff, and specifically the Medical Defendants, and breached its duty to exercise reasonable care under the circumstances owed to the Plaintiff as follows:

a.    Failure to properly conduct a comprehensive work-up;

b.    Failure to perform x-rays;

c.    Failure to properly immobilize/stabilize Plaintiff's neck;

d.    Failure to follow proper protocols for a cervical spine injury;

e.    Failure to provide follow-up care in light of Plaintiff's deteriorating condition;

f.    Failure to properly take into account the Plaintiff's multiple comorbidities when evaluating and treating Plaintiff;

g.    Failure to consider and explore other potential diagnoses given Plaintiff's symptoms and comorbidities;

h.    Failure to establish a differential diagnosis(es) given the Plaintiff's multiple comorbidities, symptoms and conditions;

i.    Negligently misdiagnosing Plaintiff's medical condition;

j.    Failure to recognize and appreciate the seriousness and gravity of the Plaintiff's condition and symptoms;

k.    Failure to timely medically evacuate;

l.    Failure to timely obtain shoreside consultation with the appropriate medical expert(s);

m.    Failure to provide competent medical staff capable of providing "state-of-the-art medical care" as advertised/marketed on VIKING's website;

n.    Failure to promptly provide Plaintiff with timely, proper and/or adequate medical care and attention;

o.    Failure to timely and/or properly assess and diagnosis Plaintiff and

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Complaint and Demand for Jury Trial

identify emergent, urgent condition of the Plaintiff in a timely manner, in order to facilitate optimum levels of health care;

p.    Failure to understand and react effectively to Plaintiff's medical needs given his symptoms and comorbidities and to perform accurate and ongoing assessments of Plaintiff's condition;

q.    Failure to practice medicine according to generally accepted standards of care;

r.    Failure to adhere to industry standards including but not limited to the American College of Emergency Physicians Cruise Ship Guidelines; and/or

s.    A breach of the prevailing professional standard of care for said health care providers, to wit: that level of care, skill and treatment which, in light of all relevant surrounding circumstances, as recognized as acceptable and appropriate by a reasonably prudent similar health care provider.

89.    As a direct and proximate result of the negligence of the Medical Staff, and specifically the Medical Defendants, as described above, for which VIKING is vicariously liable, the Plaintiff was unable to obtain the prompt, timely, proper and adequate medical care he required resulting in devastating and life altering injuries. Had the Plaintiff received the appropriate care and treatment from the Medical Staff, and specifically the Medical Defendants, it is more likely than not he would not have suffered significant permanent physical injuries.

90.    As a direct and proximate result of the negligence of the Medical Staff, and specifically the Medical Defendants, as described above, for which VIKING is vicariously liable, the Plaintiff was injured in and about his body and extremities, including severe physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, disability, impairment, loss of past earnings and impairment of his

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

future working ability and earning capacity, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the past and will continue to incur such expenses in the future. All of these damages are permanent and continuing in nature. Plaintiff also lost the money paid for the cruise, incurred extra expenses such as transportation and had the enjoyment of the cruise ruined or damaged.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against VIKING, for compensatory damages, interest, court costs, and all other relief recoverable under general maritime law or as this Court deems just and proper.

## COUNT IV – FAILURE TO WARN AGAINST VIKING

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 64 as though alleged originally herein.

91. At all times material, VIKING owed the Plaintiff a duty of reasonable care under the circumstances.

92. At all material times, VIKING engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

93. Further, and as part of the above mentioned duty, at all times material VIKING owed the Plaintiff a duty to warn of dangers that were known, or reasonably should have been known, to VIKING in places where passengers like Plaintiff were invited or were reasonably be expected to visit, including, but not limited to, (a) passenger staterooms,  and (b) in the vessel's medical facility and/or as it pertains to the medical services VIKING offered and/or provided to passengers like the Plaintiff aboard the vessel.

94. On or about October 21, 2024, VIKING breached its duty to provide the Plaintiff with reasonable care under the circumstances, including the duty to warn, as

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

follows:

  a. Failure to adequately and properly warn of the rough seas;

  b. Failure to adequately and properly warn of the extent/severity of the rough seas;

  c. Failure to adequately and properly warn of the dangers and/or hazards of the rough seas;

  d. Failure to adequately and properly warn that the ship could unexpectedly lurch as a result of rough seas;

  e. Failure to adequately and properly warn of the necessary precautions to be taken as a result of the rough seas especially in light of the demographics of elderly passengers which may have mobility issues;

  f. Failure to adequately and properly warn passengers of prior accidents or incidents caused by rough seas;

  g. Failure to reasonably warn that the Medical Staff, and specifically the Medical Defendants, were unable to provide passengers prompt and/or proper shipboard medical care;

  h. Failure to reasonably warn that the Medical Staff, and specifically the Medical Defendants, were unable to properly diagnoses and/or differentiate medical diagnosis;

  i. Failure to reasonably warn that the Medical Staff, and specifically the Medical Defendants, were unable to recognize medical emergencies in order to medically evacuate a patient;

  j. Failure to warn passengers that VIKING and/or the Medical Staff, and specifically the Medical Defendants, would fail to obtain and/or follow the advice and recommendations of the shoreside medical experts;

  k. Failure to warn passengers that VIKING and/or the Medical Staff, and specifically the Medical Defendants, would fail to timely obtain

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

shoreside consultation with the appropriate medical expert(s);

l.    Failure to warn that VIKING and/or the Medical Staff, and specifically the Medical Defendants, would place adherence to the vessel's itinerary over the safety and health of passengers;

m.    Failure to warn that VIKING and/or the Medical Staff, and specifically the Medical Defendants, would fail to timely and/or properly assess and diagnosis Plaintiff and identify emergent, urgent condition of the Plaintiff in a timely manner, in order to facilitate optimum levels of health care;

n.    Failure to warn that VIKING and/or the Medical Staff, and specifically the Medical Defendants, would fail to understand and react effectively to Plaintiff's medical needs given his symptoms and comorbidities and to perform accurate and ongoing assessments of Plaintiff's condition;

o.    Failure to warn that VIKING and/or the Medical Staff, and specifically the Medical Defendants, would fail to practice medicine according to generally accepted standards of care;

p.    Failure to warn that VIKING and/or the Medical Staff, and specifically the Medical Defendants, would fail to adhere to industry standards including but not limited to the American College of Emergency Physicians Cruise Ship Guidelines; and/or

q.    Failure to warn that VIKING and/or the Medical Staff, and specifically the Medical Defendants, would fail to properly and timely carry out a medical evacuation.

95.    At all times material, VIKING knew of the foregoing conditions, or the conditions existed for a sufficient length of time so that VIKING, in the exercise of reasonable care under the circumstances, should have learned of them. This knowledge was or should have been acquired through prior incidents involving

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

medical staff and VIKAND who provided improper medical advice and/or treatment to passengers and/or crew aboard VIKING's vessels.

96.     As a direct and proximate result of the negligence of VIKING, the Plaintiff was injured in and about his body and extremities, including severe physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, disability, impairment, loss of past earnings and impairment of his future working ability and earning capacity, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the past and will continue to incur such expenses in the future. All of these damages are permanent and continuing in nature. Plaintiff also lost the money paid for the cruise, incurred extra expenses such as transportation and had the enjoyment of the cruise ruined or damaged.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against the VIKING, for compensatory damages, interest, court costs, and all other relief recoverable under general maritime law or as this Court deems just and proper.

## COUNT V – GENERAL NEGLIGENCE AGAINST VIKING

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 64 as though alleged originally herein.

97.     At all times material, VIKING owed the Plaintiff a duty of reasonable care under the circumstances.

98.     At all material times, VIKING engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

99.     On or about October 21, 2024, VIKING and/or its agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances, based on the following acts and/or omissions:

a.     Failure to timely and properly assess the Plaintiff's medical condition;

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

b. Failure to provide the Plaintiff with prompt and/or proper shipboard medical care, including but not limited to the provision of appropriate medical equipment to properly immobilize/stabilize Plaintiff's neck;

c. Failure to furnish the Plaintiff such medical advice, aid and/or assistance as an ordinarily prudent person would render under similar circumstances;

d. Failure to adequately staff the vessel with sufficient medical personnel, sufficient medical supplies and/or medication;

e. Failure to timely medically evacuate the Plaintiff;

f. Failure to implement and enforce policies and procedures for notification of medical emergencies;

g. Failure to implement and enforce policies and procedures medical evacuations;

h. Failure to implement and enforce policies and procedures to ensure availability of necessary medical equipment;

i. Failure to implement and enforce policies and procedures to monitor weather conditions; and/or

j. Failure to implement and enforce policies and procedures for warning of weather conditions and rough seas for passengers, including safety measures passengers need to take.

100. The foregoing acts of negligence of VIKING was a direct and proximate cause of the Plaintiff's injuries and damages.

101. As a result thereof, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, and mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT VI – GENERAL NEGLIGENCE
## AGAINST MEDICAL DEFENDANTS

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 64 as though alleged originally herein.

102.   At all times material, the Medical Defendants owed the Plaintiff a duty of reasonable care under the circumstances.

103.   At all material times, the Medical Defendants engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

104.   On or about October 21, 2024, the Medical Defendants breached their duty to provide reasonable care under the circumstances as follows:

a.   Failure to properly conduct a comprehensive work-up;

b.   Failure to perform x-rays;

c.   Failure to properly immobilize/stabilize Plaintiff's neck;

d.   Failure to follow proper protocols for a cervical spine injury;

e.   Failure to provide follow-up care in light of Plaintiff's deteriorating condition;

f.   Failure to properly take into account the Plaintiff's multiple comorbidities when evaluating and treating Plaintiff;

g.   Failure to consider and explore other potential diagnoses given Plaintiff's symptoms and comorbidities;

h.   Failure to establish a differential diagnosis(es) given the Plaintiff's multiple

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

comorbidities, symptoms and conditions;

i.  Negligently misdiagnosing Plaintiff's medical condition;

j.  Failure to recognize and appreciate the seriousness and gravity of the Plaintiff's condition and symptoms;

k.  Failure to timely medically evacuate;

l.  Failure to timely obtain shoreside consultation with the appropriate medical expert(s);

m. Failure to provide competent medical staff capable of providing "state-of-the-art medical care";

n.  Failure to promptly provide Plaintiff with timely, proper and/or adequate medical care and attention;

o.  Failure to timely and/or properly assess and diagnosis Plaintiff and identify emergent, urgent condition of the Plaintiff in a timely manner, in order to facilitate optimum levels of health care;

p.  Failure to understand and react effectively to Plaintiff's medical needs given his symptoms and comorbidities and to perform accurate and ongoing assessments of Plaintiff's condition;

q.  Failure to practice medicine according to generally accepted standards of care;

r.  Failure to adhere to industry standards including but not limited to the American College of Emergency Physicians Cruise Ship Guidelines; and/or

s.  A breach of the prevailing professional standard of care for said health care providers, to wit: that level of care, skill and treatment which, in light of all relevant surrounding circumstances, as recognized as acceptable and appropriate by a reasonably prudent similar health care provider.

105.  As a direct and proximate result of the negligence of the Medical Defendants, the Plaintiff was unable to obtain the prompt, timely, proper and adequate

LIPCON, MARGULIES & WINKLEMAN, P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

medical care he required resulting in devastating and life altering injuries. Had the Plaintiff received the appropriate care and treatment from the Medical Defendants, it is more likely than not he would not have suffered significant permanent physical injuries.

106.    As a direct and proximate result of the negligence of the Medical Defendants the Plaintiff was injured in and about his body and extremities, including severe physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, disability, impairment, loss of past earnings and impairment of his future working ability and earning capacity, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the past and will continue to incur such expenses in the future. All of these damages are permanent and continuing in nature.  Plaintiff also lost the money paid for the cruise, incurred extra expenses such as transportation and had the enjoyment of the cruise ruined or damaged.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against the Medical Defendants for compensatory damages, interest, court costs, and all other relief recoverable under general maritime law or as this Court deems just and proper.

## COUNT VII – GENERAL NEGLIGENCE AGAINST VIKAND

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 64 as though alleged originally herein.

107.    At all times material, VIKAND owed the Plaintiff a duty of reasonable care under the circumstances.

108.    At all material times, VIKAND engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

109.   On or about October 21, 2024, VIKAND breached its duty to provide reasonable care under the circumstances as follows:

a.   Failure to provide proper and adequate consultation, advice, assistance and coordination;

b.   Failure to provide proper and adequate case management;

c.   Failure to provide proper and adequate recommendations and referrals to appropriate medical specialties, specialists and shore side referrals;

d.   Failure to implement, develop and enforce policies and procedures for the handling of cervical spine injuries;

e.   Failure to implement, develop and enforce policies and procedures for the handling of medical emergencies;

f.   Failure to implement, develop and enforce policies and procedures for the handling of medical evacuations;

g.   Failure to implement, develop and enforce policies and procedures for the reporting of medical emergencies;

h.   Failure to implement, develop and enforce policies and procedures for compliance with applicable laws, rules, regulations, guidelines and industry standards that apply to medical infirmaries, including but not limited to ACEP;

i.   Failure to implement, develop and enforce policies and procedures for consultation with and/or referral to appropriate medical specialties, specialists and shore side referrals;

j.   Failure to properly vet and source qualified and competent medical staff;

k.   Failure to provide proper and adequate remote assistance;

l.   Failure to properly and adequately oversee medical protocols;

m.   Failure to properly monitor an oversee medical infirmary to ensure all necessary equipment, supplies and formularies and provided for and in

Complaint and Demand for Jury Trial

good working order;

n.    Failure to oversee and ensure proper comprehensive work-up;

o.    Failure to oversee and ensure appropriate testing and imaging;

p.    Failure to oversee and ensure proper immobilize/stabilize Plaintiff's neck;

q.    Failure to oversee and ensure proper protocols for a cervical spine injury;

r.    Failure to oversee and ensure the provision of proper follow-up care in light of Plaintiff's deteriorating condition;

s.    Failure to oversee and ensure Plaintiff's multiple comorbidities were properly taken into account when evaluating and treating Plaintiff;

t.    Failure to oversee and ensure the consideration and exploration of other potential diagnoses given Plaintiff's symptoms and comorbidities;

u.    Failure to oversee and ensure the establishment of differential diagnosis(es) given the Plaintiff's multiple comorbidities, symptoms and conditions;

v.    Failure to oversee and ensure propose diagnosis;

w.    Failure to oversee and ensure that the seriousness and gravity of the Plaintiff's condition and symptoms is appreciated and appreciated;

x.    Failure to oversee and ensure that shoreside consultation with the appropriate medical expert(s) was obtained; and/or

y.    Failure to oversee and ensure the provision of competent medical staff capable of providing "state-of-the-art medical care."

110.   As a direct and proximate result of the negligence of VIKAND, the Plaintiff was unable to obtain the prompt, timely, proper and adequate medical care he required resulting in devastating and life altering injuries. Had the Plaintiff received the appropriate care and treatment from VIKAND it is more likely than not he would not have suffered significant permanent physical injuries.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd. Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

111.  As a direct and proximate result of the negligence of VIKAND the Plaintiff was injured in and about his body and extremities, including severe physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, disability, impairment, loss of past earnings and impairment of his future working ability and earning capacity, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the past and will continue to incur such expenses in the future. All of these damages are permanent and continuing in nature. Plaintiff also lost the money paid for the cruise, incurred extra expenses such as transportation and had the enjoyment of the cruise ruined or damaged.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against VIKING for compensatory damages, interest, court costs, and all other relief recoverable under general maritime law or as this Court deems just and proper.**COUNT VIII – NEGLIGENT MISREPSENTATION**
**(as to Viking and VRC)**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 64 as though alleged originally herein.

112.  Prior to the cruise, the Plaintiff reviewed VIKING's website, including the information set forth in paragraphs 49-50 above.

113.  At all times material, VIKING's promotional material, including its website referenced above, which Plaintiff reviewed, contained the statements and descriptions set forth in paragraphs 49-50 above.

114.  At all times material, the promotional materials, including its website referenced above, and information provided by VIKING and VRC, which Plaintiff reviewed and relied upon, contained misrepresentations of material facts, including:

   a.    Mispresenting the quality of medical care aboard the *Viking Sea;* and/or

   b.    Misrepresenting the "state-of-the-art" status of the Medical Center

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Complaint and Demand for Jury Trial

aboard the *Viking Sea.*

115. At all times material hereto, the foregoing statements of VIKING and VRC made and/or disseminated were known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be false and/or misleading.

116. At all times material hereto, the statements were so made or disseminated with the intent or purpose, either directly or indirectly, of inducing passengers (including Plaintiff) to rely on the statements and act by purchasing the cruise.

117. At all times material hereto, the Plaintiff justifiably relied on the representations made by VIKING and VRC when Plaintiff purchased the cruise. The Plaintiff's reliance was justified considering that Plaintiff is not a professional mariner, and VIKING and VRC are in the business of offering and providing cruises. As a result, VIKING and VRC are in a much stronger position to identify the potential dangers and/or inequities that passengers (like Plaintiff) will encounter when traveling aboard a cruise ship. The Plaintiff therefore justifiably relied on VIKING and VRC to accurately advise Plaintiff concerning the availability of competent medical care and equipment aboard the subject cruise ship.

118. The foregoing acts of negligence of Defendants VIKING and VRC were a direct and proximate cause of the Plaintiff's injuries and damages.

119. As a result thereof, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, and mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

### Prayer for Relief

WHEREFORE, the Plaintiff respectfully request the Court enter judgment in his favor and against the Defendants as follow:

1.  To enter judgment in favor of the Plaintiff against Defendants on all causes of action as alleged herein;

2.  To award compensatory damages in the amount to be ascertained at trial;

3.  To award costs of suit and attorney's fees, as permitted by law;

4.  For prejudgment interest according to proof; and

5.  To enter such other and further relief as the Court deems just under the circumstances.

DATED: October 17, 2025.        LIPCON MARGULIES & WINKLEMAN

BY: *s/ Carol L. Finklehoffe*

CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

### Demand for Jury Trial

Plaintiff WEST hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES & WINKLEMAN

DATED:   October  17, 2025.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204